UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN CREEKMORE and LARRILEE
WILLIAMS,

               Plaintiffs,

      v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY and DEBRA DANIELS
INSURANCE COMPANY,

             Defendants.

CASE NO. C14-5281 BHS

ORDER GRANTING
PLAINTIFFS' MOTION TO
REMAND

This matter comes before the Court on Plaintiffs John Creekmore and Larrilee

Williams' ("Plaintiffs") motion to remand (Dkt. 8). The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file

and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On February 25, 2014, Plaintiffs filed a complaint against Defendants State Farm

Mutual Automobile Insurance Company ("State Farm") and Debra Daniels Insurance

1  Agency in Mason County Superior Court for the State of Washington.  Dkt. 1.  Although

2  Plaintiffs only explicitly assert a cause of action for violations of the Washington

3  Insurance Fair Conduct Act, RCW Chapter 48.30 ("IFCA") (*Id.*, Exh. B, ¶¶ 3.1–3.4), it

4  appears that they also assert causes of action for bad faith, negligence, and breach of

5  contract (*id.*, ¶¶ 4.3, 4.6).

6       On April 3, 2013, State Farm removed the matter to this Court.  Dkt. 1.

7       On May 1, 2014, Plaintiffs filed a motion to remand.  Dkt. 8.  On May 19, 2014,

8  State Farm responded.  Dkt. 9.  On May 23, 2014, Plaintiffs replied.  Dkt. 14.

9                          **II. DISCUSSION**

10       In this case, Plaintiffs request remand based on the lack of the jurisdictional

11  minimum in dispute and the lack of complete diversity between the parties.  Dkt. 8.  The

12  latter issue is dispositive.  "Fraudulent joinder is a term of art" and does not require an ill

13  motive.  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Joinder

14  will be deemed fraudulent where the plaintiff fails to state a cause of action against the

15  resident defendant, and the failure is obvious according to the settled rules of the state.

16  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The defendant alleging

17  the fraudulent joinder carries the heavy burden of demonstrating the improper joinder by

18  clear and convincing evidence.  *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d

19  1203, 1206 (9th Cir. 2007).

20       State Farm has failed to show that the joinder of Debra Daniels Insurance Agency

21  should be deemed fraudulent.  Although State Farm appears to concede that a policy was

22  in effect when the accident occurred, this is not clear and convincing evidence that

ORDER - 2

1   Plaintiffs can state no possible claim against the agency for negligence.  For example, if

2   the policy limit is $100,000, as the parties seem to agree, and Plaintiffs seek $300,000 in

3   damages, the agent may be negligent in failing to secure a policy in the amount Plaintiffs

4   originally requested.  It may be that no such claim exists, but until this issue is resolved in

5   state court, this Court does not have jurisdiction.  Therefore, the Court grants Plaintiffs'

6   motion because there is a lack of complete diversity.

7   **III. ORDER**

8       Therefore, it is hereby **ORDERED** that Plaintiffs' motion to remand (Dkt. 8) is

9   **GRANTED**.

10      Dated this 3rd day of June, 2014.

11

12   _____

13   BENJAMIN H. SETTLE
    United States District Judge

14

15

16

17

18

19

20

21

22

ORDER - 3